United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 06-51642
Summary Calendar

DAVID S. TAYLOR; TOBY C. TAYLOR,

Petitioners-Appellants,

versus

UNITED STATES OF AMERICA;
BANK OF AMERICA,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(1:06-CV-502)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David and Toby Taylor challenge, *pro se*, the district court's denial of their petition to quash two summonses issued by the Internal Revenue Service (IRS) to Bank of America requesting their bank records. They were issued in furtherance of the IRS' investigating Appellants' 2003-2005 tax liability. Appellants assert three claims, all of which lack merit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Appellants contend the IRS lacks authority to issue summonses for their bank records because, *inter alia*, "the Internal Revenue Code is *not* the law". (Emphasis added). Contrary to Appellants' contentions, Title 26 of the United States Code grants the IRS expansive information-gathering authority, including the power to issue summonses to compel disclosure. *E.g.*, 26 U.S.C. §§ 7602 (authorizing IRS to examine records, issue summonses, and take testimony to verify tax returns and determine tax liability) and 7609 (authorizing the IRS to "compel compliance with the summons"); *see also* **United States v. Arthur Young & Co.**, 465 U.S. 805, 816 (1984).

Second, Appellants contend they are *not* within any class of persons to whom the IRS may issue summonses, and the summonses lack a legitimate purpose. Section 7602(a) authorizes the IRS to issue summonses concerning "*any* person for *any* internal revenue tax". 26 U.S.C. § 7602(a) (emphasis added). Third-party summonses, like those issued here, are explicitly authorized under 26 U.S.C. § 7602(a)(2). The burden on the Government to establish a *prima facie* case to enforce a summons is "slight" or "minimal". **Mazurek v. United States**, 271 F.3d 226, 230 (5th Cir. 2001) (internal citation omitted); *see also* **United States v. Powell**, 379 U.S. 48, 57-58 (1964) (identifying four factors the IRS must establish for summons enforcement). For the reasons stated by the district court, the IRS satisfied the **Powell** factors. Concomitantly,

Appellants have *not* fulfilled their "heavy" burden of rebutting the Government's *prima facie* case. **Mazurek**, 271 F.3d at 230.

Finally, Appellants, United States citizens residing in Texas, claim the IRS lacks jurisdiction to investigate their tax liability or enforce tax laws. This contention is nonsensical. *See*, *e.g.*, **Powell**, 379 U.S. at 50-51; **Barquero v. United States**, 18 F.3d 1311, 1316 (5th Cir. 1994).

*AFFIRMED*